### Margaret Carey, Defendant in Error, v. Augusta Tremont, Plaintiff in Error.

### Gen. No. 17,145.

1. LANDLORD AND TENANT—*eviction.* Where an oven in a basement collapses without the fault of the landlord, refusal to permit the tenant to reconstruct it in the rear of the building, as practically a brick structure, ten by twelve feet, is not an eviction.

2. LANDLORD AND TENANT—*eviction.* Where it is necessary in constructing a sidewalk to remove a stairway on city property leading into a basement, refusal to reconstruct the stairway is not an eviction when it was necessary to obtain a city permit and extend the stairway through a wall of the building into the basement.

3. LANDLORD AND TENANT—*no eviction if premises are retained.* Refusal of a landlord to permit the reconstruction of a collapsed bake oven and to reconstruct a removed stairway cannot be an eviction where the premises are retained by the tenant for a length of time.

Error to the Muncipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed July 23, 1912.

GEORGE C. OTTO, for plaintiff in error.

DWIGHT MACKAY, for defendant in error; WHARTON PLUMMER, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This writ of error brings before us for review a judgment of the Municipal Court of Chicago in a case of the fourth class, instituted by the defendant in error, Margaret Carey, against the plaintiff in error, Augusta Tremont, to recover an installment of rent on a lease of premises in the city of Chicago. The sole question presented on the record is whether the plaintiff in error, defendant below, was evicted from the premises in question. At the close of the evidence the court instructed the jury to find for the plaintiff.

The contentions in support of the defense of eviction are as follows:

1. That the plaintiff below refused to make and to let the defendant make changes in, and additions to, the leased property, claimed to be indispensably necessary under the law to enable the plaintiff in error to use the property for the only purpose for which, under the terms of the lease, she could use it; and

2. That the plaintiff below, defendant in error, removed and persisted in omitting to restore a material part of the property leased, namely, a flight of stairs, six feet wide, which extended from the front sidewalk into the basement of the premises, and which the defendant needed and used in carrying on her business.

The lease, under which the plaintiff in error occupied the premises, was for a term beginning the first day of May, 1908, and ending the thirtieth day of

April, 1913. . Plaintiff in error entered into possession under the lease and continued in possession until January, 1910, paying the January rent on February 4, 1910. The rents for the months of February, March and April, 1910, were not paid and suits were instituted for each month's rent as it fell due. These suits were consolidated and tried in the Municipal Court of Chicago as one case.

Shortly after the lease commenced a bake oven in the basement collapsed. Plaintiff in error had been using the basement and oven for five years under a prior lease, and the collapse of the bake oven could not be attributed in any way to, or charged against the plaintiff or defendant in error. Mrs. Carey gave her consent to the reconstruction of an oven in the rear of the building, but when she discovered that the oven was to be practically a brick structure, ten by twelve feet, she withdrew her permit, and refused to allow the oven to be constructed. This occurred in May, 1908. The plaintiff in error stayed in the premises and continued to pay rent monthly thereafter until January, 1910—a period of nearly two years. In our opinion, the evidence fails to show an eviction of the plaintiff in error from the property, which is the main contention of the plaintiff in error.

There is, however, a further ground urged as an eviction in that in the construction of a cement sidewalk in front of the premises demised, the defendant in error removed a certain stairs extending from the front sidewalk in the front of the building to the basement of the demised premises. The evidence shows that the building stood upon the street line of the lot. In constructing a cement sidewalk, it appears to have been necessary to remove the stairway leading into the basement. This stairway was not reconstructed after the sidewalk in front of the building was made. The stairs were located on property belonging to the city, and defendant in error could not continue longer to

occupy the property of the City of Chicago with her stairs. In order to reconstruct the stairs as they were before the sidewalk was made, it would have been necessary for the defendant in error to have obtained a permit from the city to place the stairs in an opening in the sidewalk and extend them through the wall of the building into the basement. In our opinion, the failure to reconstruct the stairs, under the facts and circumstances of the case, did not constitute an eviction of plaintiff in error from the premises, and as a matter of fact, did not evict the plaintiff in error, for she continued to occupy the premises thereafter, as indicated above. There cannot be a retention of demised premises and an eviction at the same time. The evidence shows that the plaintiff in error retained the premises until she had purchased and erected premises of her own; and, when her own premises and the improvements thereon were ready for occupancy, the plaintiff in error, at her convenience, moved out of the defendant in error's property and ceased to pay rent.

The court below properly instructed the jury to find the issues for the defendant in error. The judgment is affirmed.

*Affirmed.*